UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RASHEEM S. HARRIS,

                Plaintiff,

                                                **Hon. Hugh B. Scott**

                v.                                         05CV40S

                                                   **Order**

LAURENCE J. HIGLEY, et al.,

                Defendants.

      Plaintiff in this action has applied to the Court for appointment of counsel pursuant to 28 U.S.C. § 1915(e) (Docket No. 71), supported by correspondence sent by plaintiff to the Court on July 5, 2008 (received July 8, 2008), as well as plaintiff's letter of July 19, 2008 (noting alleged delays in transmitting his mail from his facility). Also pending is defendants' motion for summary judgment (Docket No. 61; see Docket No. 70, Order for briefing of motion[1]). The Court denied this motion on July 31, 2008 (Docket No. 72).

      Now, plaintiff moves for reconsideration of this denial (Docket No. 73), submitting papers indicating past attempts to retain counsel. In that motion, he notes that he is currently housed in the special housing unit and while there has not been able to confer with prison law library staff (id. at 1). Plaintiff also moved to stay his response to the defense summary judgment motion until the Court takes up his motion for reconsideration (id. at 3).

---

      [1]Responses were due by August 22, 2008, any reply by August 29, 2008, and motion deemed submitted, without oral argument, on August 29, 2008, Docket No. 70.

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. <u>Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.</u>, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. <u>See</u> <u>In re Martin-Trigona</u>, 737 F.2d 1254 (2d Cir. 1986). The factors to be considered in deciding whether or not to assign counsel are set forth by the Second Circuit in <u>Hodge v. Police Officers</u>, 802 F.2d 58 (2d Cir. 1986). Counsel may be appointed in cases filed by indigent plaintiffs where it appears that such counsel will provide substantial assistance in developing petitioner's arguments, the appointment will otherwise serve the interests of justice, and where the litigant has made "a threshold showing of some likelihood of merit." <u>Cooper v. A. Sargenti Co.</u>, 877 F.2d 170, 174 (2d Cir. 1989). The issue is not plaintiff's diligence in attempting to obtain counsel but whether appointment of counsel would serve the interests of justice and plaintiff's case has merit.

The Court again has reviewed the facts presented herein in light of the factors required by law, including plaintiff's reconsideration papers. Based on this review, plaintiff's motion for appointment of counsel remains **DENIED WITHOUT PREJUDICE AT THIS TIME** and plaintiff's motion for reconsideration (Docket No. 73) is **denied**.

It remains the plaintiff's responsibility to retain his own attorney or to press forward with his lawsuit <u>pro se</u>. 28 U.S.C. § 1654.

Plaintiff's request for a "stay" of his response to defendants' pending motion (Docket No. 73, at 3) is **granted in part**. Plaintiff's response to the defense motion **is extended** to **September 22, 2008**, defendants' reply (if any) are due by **October 3, 2008**, and defendants' motion for summary judgement (Docket No. 61) will be deemed submitted as of **October 3, 2008**.

So Ordered.

                                                       */s/ Hugh B. Scott*
                                                      Hon. Hugh B. Scott
                                       United States Magistrate Judge

Dated: Buffalo, New York
       August 8, 2008